IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STECKMAN RIDGE GP, LLC et al., )
)
    Plaintiffs, )
)
v. )   CIVIL NO. 08-140
)
)   JUDGE KIM R. GIBSON
BEEGLE et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

### SYNOPSIS

This matter is before the Court on Defendants' motion to dismiss the above-captioned action for declaratory judgment. For the reasons given below, the motion is denied.

### HISTORY

Plaintiffs Steckman Ridge GP, LLC as general partner and Spectra Energy Transmission Resources, LLC and NJR Steckman Ridge Storage company, as limited partners, together trading as Steckman Ridge, LP (hereinafter Steckman or Plaintiffs) seek to develop a natural gas storage facility in depleted gas wells in Bedford County, Pennsylvania. Document No. 1 ¶¶ 1, 32-39. The Federal Energy Regulatory Commission (hereinafter FERC) granted Plaintiffs a certificate of public convenience and necessity on June 5, 2008. *Id.* at ¶ 36; Document No. 5. Plaintiffs, citing "the authority in the FERC certificate and its rights of eminent domain under the Natural Gas Act . . . intend[] to acquire, by condemnation, easements in lands owned by . . . defendants in Monroe Township, Bedford County, Pennsylvania, along with storage rights in the geologic formation underlying all the defendants' properties and the residual gas reserved remaining in the formation."

1

Document No. 1 ¶ 45.

Prior to the issuance of the FERC certificate, Defendants' counsel had notified Plaintiffs of Defendants' intent to oppose any condemnation action on the grounds that Plaintiffs had not satisfied the requirements of the "PA Oil and Gas Act [hereinafter POGA], Chapter 4, Sec. 601.401." *Id.* at ¶ 55; Document No. 1-2. On June 13, 2008, Plaintiffs filed the instant action for declaratory judgment that "any purported limitation under POGA upon Steckman's exercise of its condemnation rights pursuant to the FERC certificate is preempted by federal law" or, in the alternative, that Plaintiffs are in compliance with the requirements of the POGA. *Id.* at 16, 18.

Defendants requested a rehearing from FERC and on July 16, 2008 the agency, facing a thirty-day window in which to make its decision, granted Defendants' request "for the limited purpose of further consideration" of their request for rehearing. Document No. 6 pp. 6-7, 9. On the same day Defendants moved to dismiss the instant action on the grounds of prematurity, judicial abstention and failure to join indispensable parties pursuant to Fed. R. Civ. P. 19. Document No. 6. Without moving to amend the caption, Plaintiffs subsequently dismissed the action against David and Julia Beegle; Betty Denton, Debora, Doris, Ronald, and Cindy E. Clark; Paul Juergens; James and Karla Levy; James and Rose Morgan, Document No. 8; and Edward and Mary Mack, Document No. 9. Plaintiffs have filed no response to the motion to dismiss.

## JURISDICTION AND VENUE

The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 717f(h). Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b).

2

## DISCUSSION

### The Natural Gas Act, 15 U.S.C. § 717 *et seq*.

The federal government regulates the transport and sale of natural gas "in interstate and foreign commerce." 15 U.S.C. § 717. The construction or extension of facilities for the transport or sale of natural gas requires a certificate of public convenience and necessity issued by FERC. 15 U.S.C. § 717f(c). If it is unable to acquire the property rights it needs by contract, the holder of such a certificate may bring a condemnation action in the district court for the district in which the property is located, so long as the owner values the rights at issue in excess of $3,000. 15 U.S.C. § 717f(h); *Columbia Gas Transmission Corp. v. an Exclusive Gas Storage Easement*, 776 F.2d 125, 128-29 (6th Cir. 1985) (holding that these rights include, in addition to the easements necessary for the construction of pipelines and surface infrastructure as specifically stated in § 717f(h), "easements for the storage of gas in underground storage pools").

### Prematurity

Defendants argue that since FERC has granted their request for a rehearing the Court should not address Plaintiffs' claims until after the hearing is concluded. Document No. 6 pp. 2-3, 9. This position is not, however, supported by either statute or case law. The FERC certificate was issued pursuant to FERC order. Document No. 5 p. 34. Filing an application for rehearing with FERC does not, "unless specifically ordered by the Commissioner," operate as a stay of the Commission's order." 15 U.S.C. § 717r(c). The grant of a rehearing likewise does not stay the original order absent FERC's grant of a stay. *See Pennsylvania Pub. Util. Comm'n v. F.E.R.C.*, 881 F.2d 1123, 1125-26 (D.C. Cir. 1989); *see also In re Permian Basin Area Rate Cases*, 390 U.S. 747, 773, 88 S.Ct. 1344, 1363, 20 L.Ed.2d 312, 340 (1968) (holding that "the issuance of a stay of an administrative order pending

3

disposition by the Commission of a motion to 'modify or set aside, in whole or in part' the order is a matter committed by the Natural Gas Act to the Commission's discretion").

FERC has issued no stay in this case. *See* Document No. 6 p. 9. Its order granting Plaintiffs' certificate of public convenience and necessity therefore remains in effect unless FERC decides otherwise or, if FERC ultimately upholds its original decision, until overturned by a United States Court of Appeals with jurisdiction over the matter. 15 U.S.C. § 717r(b), (c).

### Judicial Abstention

Defendants are correct that the question of whether, in the case *sub judice*, Pennsylvania law has been preempted by federal statute could easily be resolved in consolidated condemnation actions. Defendants' concerns regarding "duplication of discovery" and resolution "in an abstract setting" are, however, misplaced. This is purely a question of law, and it is well-settled.

Defendants will have an opportunity to file an answer in this case, and the Court will not decide the question of the supremacy of federal law in eminent domain proceedings involving natural gas transmission and storage facilities until the time for filing such answer has passed. Defendants are advised, however, that so far as the Court has been able to determine, "Congress intended to preempt state regulation of rates *and facilities* of natural gas companies and it [is] clear that the Natural Gas Act was *intended by Congress to occupy the field*." *Pennsylvania Med. Soc. v. Marconis*, 942 F.2d 842, 847 (3d Cir. 1991) (citing *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 308, 108 S.Ct. 1145, 1154, 99 L.Ed.2d 316 (1988)) (emphasis added). The Court is aware of no authority for the contrary view.

### Failure to join indispensable parties under Fed. R. Civ. P. 19

Defendants finally argue that the Court should dismiss the complaint because it is "[i]mplicit in the complaint" that "some persons or entities, other than the landowners sued as defendants, own the

4

gas rights on the landowners' properties" and that the owners of the gas rights are therefore indispensable parties to the instant action "although they have not been named or joined or any reason given for their non-inclusion." Document No. 6 p. 5. Defendants, who might be expected to know who owns the gas rights on their properties, have not, however, bothered to identify these "persons or entities." This makes it impossible for the Court to "examine[] the situation to determine whether it can proceed without [them]," the necessary precondition to any determination of indispensability. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19, 88 S.Ct. 733, 742-43, 19 L.Ed.2d 936, 949-50 (1968). Indeed, in light of the number of Defendants that have been dismissed since the motion to dismiss was filed, this final ground for dismissal may now be moot.

Defendants also fail to note that dismissal for lack of joinder is only warranted if a party which "is required to be joined if feasible *cannot* be joined . . . ." Fed. R. Civ. P. 19(b) (emphasis added). Joinder is impossible when it would "defeat the court's subject matter jurisdiction," or the putative party is neither "subject to personal jurisdiction" nor "properly objects to the venue of the action." 7 Charles Alan Wright, Arthur R. Miller & May Kay Kane, Federal Practice and Procedure, § 1607, p. 84 (3d ed. 2001). The Court's subject matter jurisdiction is not dependent upon diversity of the parties; it cannot be defeated. Defendants have, moreover, neither suggested that any of the putative parties would be immune from this Court's process nor that there exists any valid objection to the present venue. Indeed, so far as the Court can determine the principal impediment to joinder of the unknown putative parties is that Defendants have kept their identities and their interests unknown.

Finally, a party cannot be "indispensable" under Fed. R. Civ. P. 19(b) unless it is first "necessary" under Fed. R. Civ. P. 19(a). *Aerolink Intern., Inc. v. Colonial Parking, Inc.*, No. CIV. A. 96-1130, 1996 WL 482915, at *5, 1996 U.S. Dist. LEXIS 12430, at *16 (E.D. Pa. Aug. 21, 1996). In

5

the context of this action, the putative parties would only be necessary if "disposing of the action in [their] absence would as a practical matter impair or impede [their] ability to protect [their] interest[s] . . . ." Fed. R. Civ. P. 19(a)(1)(B)(i). There is no such impairment or impedance so long as those interests are "adequately represented by a present party." *Aerolink*, 1996 WL 482915, at *5, 1996 U.S. Dist. LEXIS 12430, at *16; *see also Wood & Locker, Inc. v. Doran & Assoc.*, 708 F.Supp. 684, 690 (W.D. Pa. 1989); *H.H. Robertson Co. v. Lumbermen's Mut. Cas. Co.*, 94 F.R.D. 578, 580 (W.D. Pa. 1982). For purposes of the instant action, in which the only question is whether the eminent domain provisions of the Natural Gas Act trump the POGA, the interests of the present and putatively absent parties and the arguments which they may advance are identical. For purposes of the Fed. R. Civ. P. 19(b) indispensability analysis, the named Defendants can therefore adequately represent the interests of the putative parties. Should the putative parties nonetheless wish to intervene, Fed. R. Civ. P. 24(a)(2) gives them that right.

## CONCLUSION

For the reasons given above, Defendants' motion to dismiss will be denied. An appropriate order follows.

## ORDER

AND NOW, this 12th day of August, 2008, the Court having considered Defendants' Motion to Dismiss, (Document No. 6), it is **HEREBY ORDERED** that for the foregoing reasons the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file an answer to Plaintiffs' complaint in this matter within 10 days of the filing of this order.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE